*JOHN L. HOLLOWAY v. UNIVERSITY RAILROAD COMPANY.

*Condemning land for Railways—Mode of assessing Damages.*

The statutes relating to the appropriation and assessment of the value of lands for railway uses, have taken away the common law remedy of trespass *q. c. f.*; and the damages alleged to have been sustained by the owner of lands thus appropriated, must be assessed in the manner prescribed in the general law, as contained|in the Revised Code, ch. 61, § 10, unless special provision is made in the charter for that purpose.

CIVIL ACTION heard upon complaint and demurrer at Fall Term, 1881, of ORANGE Superior Court, before *Gudger, J.*

This was an action in the nature of trespass *quare clausum fregit*, brought by the plaintiff against the defendant for an injury to his land by entering thereon and appropriating and occupying the same for constructing a railroad under a charter granted by the legislature, by which entry and oc-

---

*Ruffin, J. did not sit on the hearing of this case.

cupation it was alleged the plaintiff had sustained great damage.

The defendant demurred to the complaint and assigned as grounds of demurrer, that the common law remedy by trespass is taken away by the statutory remedy, and the plaintiff has no right to maintain his present action. The demurrer was sustained and the plaintiff appealed.

*Messrs. Strayhorn, Fuller* and *Roulhac,* for plaintiff.
*Mr. John W. Graham,* for defendant.

ASHE, J. The University railroad company is in the act of constructing a railroad from a point on the North Carolina railroad, the route of which passes over the land of the plaintiff, and they have under the provisions of their charter entered upon and appropriated for the purposes of their road, a portion of the land of the plaintiff one hundred and fifty-six feet long and one hundred feet wide, and the plaintiff has instituted this action to recover the damages which he alleges he has sustained by reason of the trespass.

And the question is, can the action be sustained, or is the plaintiff confined to the remedy given by statute.

By section 10, chapter 61 of the Rev. Code, it is provided: " If such corporation (railroad) cannot agree with the owner of the land which is entered on, or is desired by the corporation for the purposes aforesaid, in the price to be paid for the same, then either the company or the owner, five days previous notice thereof being given to the other party, may apply by petition to the county or superior court of the county in which the land or some part thereof may be situated, and the court shall appoint five disinterested and impartial freeholders to assess the damages to the owner for the occupation and use of the land." The object of this statute was to facilitate railroad companies in the construction of their roads, by removing obstacles to their location,

and remedying the mischief of vexatious suits at common law.

The legislature in the year 1872 passed an act, styled "An act to authorize the formation of railroad companies and to regulate the same," (Bat. Rev., ch. 99,) in which it is provided that, in case any company formed under that act should be unable to agree for the purchase of any real estate required for the purposes of its road, it should have the right to acquire title to the same by presenting a petition to the superior court, praying to have commissioners appointed to appraise the land described in the petition, &c.

The University railroad company was first chartered in the year 1873, (Act of 1872-'3, ch. 51,) under the name of the " Iron Mountain Railroad Company," and by that act it was provided that the company might acquire title to lands for the purposes of its road, " subject, however, to the valuation and appraisement of value and damage, to be determined under the provisions of the ' Act to authorize the formation of railroad companies and to regulate the same.' "

This act of 1873 was amended by the act of 1879, ch. 100, which changed the name of the corporation to that of the " University Railroad Company," and provided that the said company might appropriate and occupy as much land as might be necessary for the construction of its road, " subject, however, to the valuation and appraisement of value and damage to be determined under the provisions of chapter 99 of Battle's Revisal, entitled ' Railroad Companies.' "

We are of the opinion the proper construction of the several statutes in relation to the appropriation and assessment of the value of lands for railroad uses, is, that they have taken away the common law remedy.

In order to encourage the building of railways, and facilitate their construction, it has been the purpose and policy of the legislature to provide these statutory remedies to pro-

tect railroad companies against vexatious and dilatory litigation. In that view was enacted section 10, chapter 61, Rev. Code, which gave the statute remedy to both the company and the party injured. Then was passed the act of 1871–'72, ch. 138, (Bat. Rev., ch. 99,) in which is prescribed the mode of proceeding to condemn land by companies organized under its provisions. The statute remedy in this act is given exclusively to the company. The two acts incorporating the University railroad company provide that the company may appropriate and occupy land for the uses of its road, subject to the valuation and appraisement of value and damage to be determined under the provisions of that act—Bat. Rev., ch. 99. There is no repealing clause in this last act. There can be no doubt that the University railroad company, if it takes the initiative in the assessment of value and damages, must pursue the remedy prescribed in the charter; but there being no provision for a remedy in behalf of the plaintiff, the injured party, either in the acts of incorporation or Bat. Rev., ch. 99, to which they refer, we must look elsewhere for his remedy. Section 10 of chapter 61 of the Revised Code was intended as a general law to apply to all cases, where there were not other and special provisions made. It was not repealed by the act of 1871–'72, (Bat. Rev., ch. 99,) but is still in force, except so far as it comes in conflict with, or is repugnant to subsequent legislation. It is repealed on this ground so far as it relates to the University railroad company, but is not repealed and is in force in regard to the plaintiff, who is the injured party. We hold that his remedy is under that section of the Revised Code, and that this action cannot be maintained.

The demurrer was properly sustained.

No error.                                        Affirmed.