J. J. HOWELL v. W. T. FERGUSON and others.

*Pleading—Sham and irrelevant Answers.*

A sham answer is false in fact; an irrelevant or frivolous one has no substantial relation to the controversy and presents no defence to the action, though its contents may be true. The order to strike out the answer in this case is affirmed.

(*Swepson* v. *Summey*, 74 N. C., 551, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1881, of WILKES Superior Court, before *Seymour, J.*

The only question presented by this appeal is whether the court below committed an error by striking out the answer of the defendants, as sham and frivolous, and giving judgment for the plaintiff.

The plaintiff alleged that the defendants were indebted to him by two single bills, which were as follows:

First. Twelve months after date we promise to pay J. J. Howell four hundred and fifty dollars value received, interest at eight per cent. from date, provided the note is paid in twelve months, if not at six per cent. Dec. 6th, 1879. (Signed and sealed by Wm. T. Ferguson and Joel T. Ferguson.

Second. Six months after date we promise to pay J. J. Howell four hundred and fifty dollars, for value received, interest at eight per cent. from date, provided the note is not paid in twelve months, if so, at six per cent. Dec. 6th. 1869. (Signed and sealed by same parties.)

The defendants admitted the execution of the notes and that no part thereof had been paid, but for a defence alleged that they were the executors of W. B. Ferguson, who died in the county of Wilkes about a year previous, and that the mother of the plaintiff is one of the heirs at law and devisee of said Ferguson, and that during the life of

8

the father of the plaintiff, and at the time of the execution of the notes sued on, plaintiff claimed to be the assignee of the interest to a certain extent of his said mother in the estate of the said W. B. Ferguson, and applied to defendants for payment thereof, but presented no assignment from his mother, with the written assent of the husband, and that the defendants inadvertently and without proper reflection as to their duties in the premises executed the notes sued on.

They further aver that said assignment has not as yet been made to appear to them with the assent of the husband of the plaintiff's mother, either written or verbal; also, that it was a condition precedent to the execution of the notes, that they were to have a reasonable time within which to convert real estate into assets for the payment of the notes after the expiration of the periods set out in the same, and that they have not considered it consistent with the large discretionary power conferred upon them in the will of said W. B. Ferguson, to sell real estate for the payment of said notes, if it should turn out that plaintiff is the proper owner thereof, for the reason that owing to the scarcity of money and the nature and character of the real estate of the testator to be sold for the payment of the distributive shares of the heirs and devisees, they think it would work an injury to the devisees' interests in said estate to make sales, &c. That said notes were not given for borrowed money, and they are advised and believe that they are only chargeable with interest at the rate of six per cent.

His Honor holding that the answer was sham and frivolous, ordered it to be stricken out, and rendered judgment for the plaintiff, and defendants appealed.

No counsel for plantiff.
*Messrs. Strong & Smedes* and *B. F. Montague,* for defendants.

ASHE, J., after stating the above. Sham and irrelevant answers and defences may be stricken out on motion, and upon such terms as the court may in its discretion impose. C. C. P., § 104. A sham answer is one that is false in fact; an irrelevant answer is one which has no substantial relation to the controversy between the parties to the action; and an answer is frivolous when, assuming its contents to be true, it presents no defence to the action. Bliss on Code Pleading, 507, and note.

It would seem from the definitions, that the distinction between an irrelevant and frivolous answer is virtually without a difference, and that they may be considered as correlative terms.

Assuming then all the allegations of the defendants' answer to be true, there is not one of them that constitutes a substantial defence to the action, and the answer is therefore frivolous, and should have been stricken out and judgment given as for the want of an answer.

But we might very well have put our decision on this appeal upon another ground, which is, that there is no error assigned by the defendants and as none appears on the record, the judgment of the court below should be affirmed. *Swepson* v. *Summey*, 74 N. C., 551.

No error. Affirmed.