NORFOLK SOUTHERN RAILROAD CO. v. TIMOTHY ELY et al.

*Corporations—Charter—Right to Condemn Land.*

1. Where the charter of a railroad corporation contains a provision as to the manner of condemning land for its right of way, the method pointed out by such provision, and not that prescribed by the general law, must be followed.

2. The Legislature has the power to provide that neither party shall appeal from the award of commissioners appointed under the charter to assess the damage to land for the right of way, and if the charter does provide for an appeal, it must be taken within the time and in the manner therein provided.

3. Where a charter provided that the award of the commissioners should be final, unless appealed from within ten days, *It was held,* to mean ten days from the filing of the report, and not its confirmation by the Clerk.

(*Railroad Co.* v. *Warren,* 92 N. C., 620; *Holloway* v. *The Railroad,* 85 N. C., 452; *Skinner* v. *Nixon,* 7 Jones, 342; *Railroad Co.* v. *Jones,* 1 Ired., 24, cited and approved).

SPECIAL PROCEEDING, heard on appeal before *Gudger, Judge,* at Spring Term, 1886, of PASQUOTANK Superior Court.

The Proceeding was instituted before the Clerk of the Superior Court of Pasquotank county, to procure for the plaintiff, under its charter, (chapter 18, Laws of 1869–'70 and acts amendatory thereof), the condemnation of certain lands for the use of the plaintiff.

The petition of the plaintiff, after due service of notice on the defendants, was heard by the Clerk on the 21st of February, 1885, who, after objection by the plaintiff, appointed three freeholders to condemn the land, under §1945 of The Code.

The commissioners made their report, and filed it with the Clerk on the 23d of April, 1885. The defendants filed exceptions to the report, and the Clerk confirmed it on the 30th day of May, 1885, from which judgment the defendants appealed to the Superior Court.

At the September Term, 1885, of Pasquotank Superior Court, Judge Shepherd presiding, it was held that the Clerk had acted erroneously in proceeding to appoint commissioners under the general law, instead of the charter of the company, and remanded the case to the Clerk, with directions that he issue an order to the sheriff of Pasquotank county, to summon five disinterested and intelligent landholders, to make an award of a fair compensation and damages, to be made to the owners of the land described in the petition.

Pursuant to this order, the sheriff of Pasquotank summoned five commissioners, to meet upon the land described, who met on the 23d day of February, 1886, and after being first duly sworn, proceeded to examine the land, and to hear all testimony offered by the plaintiff and defendants; and on the same day made and filed their report with the Clerk of the Court.

On the 4th day of March, 1886, the defendant Terry filed with the Clerk exceptions to the report, and the defendant Ely also filed exceptions on the 5th day of March, 1886, praying, that the report of the commissioners be not confirmed, and that the same be set aside.

On the 13th day of March, 1886, the Clerk—the plaintiff and defendants Ely and Terry being present—heard the case; plaintiff objected to the Clerk's hearing the case with a view either to confirming or setting aside the report of the commissioners, on the ground, that he had no jurisdiction, and that the plaintiff's charter, (section 6), provided that the award of

the commissioners should be final, unless one or other of the parties shall appeal to the Superior Court within ten days from the date of the filing of said report with the Clerk. Both the objections of the plaintiff to the hearing of the case, and the exceptions of defendants to the report of the commissioners, were overruled by the Clerk, and thereupon the Clerk confirmed said report.

From this judgment of the Clerk, confirming said report, the defendants Ely and Terry prayed for an appeal to the Superior Court, which appeal was granted by the Clerk within ten days after the rendition of said judgment.

The case was put upon the trial docket of the Superior Court of Pasquotank county at March Term, 1886, his Honor, J. C. L. Gudger, presiding. The plaintiff moved the Court to dismiss the appeal of the defendants Terry and Ely, upon the ground, that the award of the commissioners in this case was final, because the defendants had not appealed to the Superior Court within ten days from the filing of the same, and also, because the action of the Clerk in hearing the case, receiving the exceptions of defendants Ely and Terry, and passing thereon, confirming said report, and allowing an appeal to the defendants from his judgment confirming said report, were null and void.

The Court denied the motion of the plaintiff, and ruled that the Clerk had jurisdiction of the case, and°that the appeal from his decision was properly before this Court.

From the judgment of the Court, denying this motion of plaintiff, and ruling that the case was now properly before this Court upon appeal, the plaintiff appealed to the Supreme Court.

*Mr. L. D. Starke,* for the plaintiff.

No counsel for the defendants.

ASHE, J. (after stating the facts). It was very properly held by the Superior Court, that the commissioners to condemn land for the purposes of the plaintiff in obtaining aright of

way, be appointed under the charter of the plaintiff company, and not under the general law. It was so held in the case of *Norfolk Southern R. R. Co.* v. *Warren,* 92 N. C., 620; *Holloway* v. *University R. R. Co.,* 85 N. C., 452.

The sixth section of the plaintiff's charter provides, that "if the President and Directors, or their agents, cannot agree with the land-owners, in regard to the value of the land of the latter, through which they propose to run said road, either party may apply to the Probate Judge, (the Clerk), of their county, whose duty it shall be, to order the sheriff to summon five disinterested and intelligent land-owners, to make an award of the damages, if any, which the said land-owners have sustained, and report the same to the said Probate Judge, (Clerk), *and this award shall be final,* unless one or the other of the parties shall appeal to the Superior Court, *within ten days,* in which case, the issue shall be tried by a jury of the county in which the land lies."

The award or assessment of damages, as made by the report of the commissioners, is final, unless appealed from by one or the other of the parties. The question of commissioners appointed to condemn land, and assess the value thereof, in analogous cases has been settled by several adjudications of this Court. *Skinner* v. *Nixon,* 7 Jones, 342, and in the *Raleigh & Gaston Railroad Company* v. *Jones,* 1 Ired., 24, which was a proceeding like this, to condemn the land of the defendants to the use of the plaintiffs. But in that case, there was no appeal given by the charter, to either party, from the award of the commissioners, and although it was provided, that the report shall be *confirmed* by the Court, and made of record, and might be disaffirmed, or if the free-holders could not agree, or should fail to make a report in a reasonable time, the Court may supersede them, or any of them, appoint others in their stead, and direct another report to be made, yet the matter in controversy between the parties, the *damages sustained by the condemnation,* is not one of which juris-diction is given to the Court. Upon that matter, the law gives the Court no authority to pass; the powers given to the Court

amount to no more than the right to appoint the tribunal which shall pass upon the matter in dispute, and in a limited degree, a supervision over that tribunal, in order to quicken its action, or to set it aside, when irregular or wrongful. The report of the commissioners must, indeed, be submitted to the Court, and can not be put on record until it is approved by the Court. But when so recorded, it declares, not the sentence, judgment, or decree of the Court, but merely, the *award* or *inquest* of the commissioners." No appeal having been given to the parties by the charter, it was held by the Court, that, the enactment in our statute regulating appeals, did not apply to such a case ; for the reason, we take it, that the commissioners, as held in *Skinner* v. *Nixon*, 7 Jones, 342, constitute a separate and independent tribunal, and their award is final, unless an appeal is given by the charter.

But in the case before us, the right of appeal is expressly given to either party conceiving himself aggrieved by the award of the commissioners, but it further provides, that the appeal must be taken within ten days. Ten days from what time? It must mean ten days from the filing of the report, and not from the confirmation of the report, for the charter does not require the confirmation of the report, but even if that was necessary to constitute a judgment, from which the appeal might be taken, it would seem to follow, that the confirmation should be made within the ten days from the filing of the report, that the parties might have the right to take their appeal within the time prescribed, and that after the ten days, the Clerk would have no right to take any action in the matter. But here the appeal is taken after ten days from the filing of the report of the commissioners, and our conclusion is, it was too late, and the motion made by the plaintiffs, in the Superior Court, to dismiss the appeal, should have been allowed.

There is error. The judgment of the Superior Court is reversed, and this must be certified to that Court, to the end that the appeal be dismissed.

Error.                    6                    Reversed.