TOWN OF CLINTON v. HENRY P. JOHNSON ET AL.

(Filed 10 October, 1917.)

1. Cities and Towns—Eminent Domain—Charters—General Statutes.

The right of eminent domain of a municipality can be exercised only in the mode pointed out in the statute conferring it; and where the method prescribed for a city or town in its character is inconsistent with or repugnant to that of chapter 136, Public Laws 1917, entitled "An act to provide for the organization and government of cities," etc., by the express terms of the later statute, the proceedings given under the municipal charter will have to be followed in condemnation of lands for the use of its streets.

2. Municipal Corporations—Condemnation—Trial by Jury.

A provision in a municipal charter for an appeal from the appraisers' valuation of land, taken by it in condemnation, giving the owner the right to a trial by jury, is valid.

CONDEMNATION PROCEEDINGS, heard upon appeal from the Clerk of the Superior Court of SAMPSON, by Stacy, J., at chambers, 24 August, 1917. From the judgment rendered, defendant appealed.

No counsel for plaintiff.
Henry E. Faison and Fowler & Crumpler for defendants.

BROWN, J. These proceedings were instituted under sections 2575 et seq. of the Revisal, for the purpose of condemning a strip of land belonging to the defendants in the town of Clinton for the purpose of widening one of the public streets. The summons was returnable before the Clerk of the Superior Court of Sampson County when the petition was duly filed. The defendants appeared and moved to dismiss because no copy of the petition was served upon them. Their motion being overruled, they noted their exception, and demurred to the petition, and moved to dismiss because the clerk of the Superior Court had no jurisdiction.

The defendants contend that condemnation proceedings instituted by the plaintiff for the purpose of condemning property to widen streets must be conducted in accordance with the charter of the said town, being chapter 115, Public-Local and Private Laws, Extra Session 1913. The

particular section is to be found on page 216, section 48. It is admitted that these proceedings were commenced under the supposed authority of chapter 136, Public Laws 1917, entitled "An act to provide for the organization and government of cities, towns, and incorporated villages." This act contains the following clause:

"The provisions of this act, so far as they are the same as those of existing general laws, are intended as a continuation of said laws, and not as new enactments, and, so far as they give general powers to cities, are supplementary to and additional to the special charters of cities which have not such powers, unless *inconsistent with or repugnant thereto,* and a repetition of such powers if already possessed by cities by virtue of special charters."

Section 1, chapter 4, of this act, declares that the procedure for the condemnation of land for municipal purposes shall be such as is "provided for the condemnation of land by railroads in sections 2575 to 2598, inclusive, of the Revisal of 1905, and acts supplemental thereto or amendatory thereof."

The charter of the town of Clinton, enacted in 1913, provides a very different method of procedure for the condemnation of property. This law granted to the plaintiff the right of eminent domain, and points out specifically how this right is to be exercised. This act provides that in any case where the owner of the land damaged cannot agree with the commissioners in regard to the value of the land or the amount of damages, the mayor shall issue his warrant to the town constable, commanding him to summon three disinterested freeholders of the town, who, together with two disinterested freeholders to be selected by the landowner, shall determine the value of the property and assess the damages, etc. There are other details provided in the act which it is unnecessary to set out. An appeal is provided for to the Superior Court by the dissatisfied party, and for a jury trial.

It is manifest, without further discussion, that the provisions of the charter of the plaintiff are utterly inconsistent with the method of condemnation provided for railroads in the Revisal. The acts of 1917 especially provide for this contingency and declare that the provisions of that act shall not apply where the provisions of a special charter of a city or town are inconsistent with it. It is well settled that the right of eminent domain can be exercised only in the mode pointed out in the statute conferring it. *Allen v. R. R.,* 102 N. C., 386; *Davis v. R. R.,* 19 N. C., 451.

One marked difference is, that under the charter of the plaintiff a jury trial is provided for, as in civil cases upon appeal, while under the sections of the Revisal referred to in the acts of 1917 there is no such provision.

While it is held in *Davis v. R. R., supra,* that the assessment of damages in condemnation proceedings need not be made by a jury of twelve freeholders, yet it has never been held that the Legislature cannot so provide.

We are of opinion that the demurrer should have been sustained and the proceedings dismissed. The plaintiff should proceed under the provisions of its charter.

Reversed.