## JOHN A. DALTON v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 29 September, 1943.)

**1. State § 2a—**

A state cannot be sued in its own courts or elsewhere unless it has consented to such suit, by statutes or in cases authorized by provisions of the organic law, instanced by Art. III, Const. of U. S.; Art. IV, sec. 9, Const. of North Carolina.

**2. State § 1—**

The State Highway and Public Works Commission is an unincorporated governmental agency of the State and not subject to suit except in the manner expressly authorized by statute.

**3. State § 2a: Eminent Domain §§ 6, 14—**

The special proceeding, provided by C. S., 3846 (bb) and 1716, is to furnish a procedure to condemn land for a public purpose and to fix compensation for the taking thereof and does not in any way authorize an action for breach of contract.

APPEAL by respondent from *Alley, J.,* at April Term, 1943, of RUTHERFORD.

This is a special proceeding instituted under the provisions of C. S., 3846 (bb) and 1716, *et seq.,* wherein the petitioner, John A. Dalton, seeks to recover damages for the taking of his land by the respondent, the State Highway and Public Works Commission, for widening of a state highway, U. S. No. 74, near the village of Chimney Rock, in Rutherford County, and included in the items of damage alleged in the petition, by amendment, is the failure of the respondent to comply with its agreement with the petitioner, made prior to the moving of petitioner's house, to replace such house upon a good foundation in as good a condition as it was in its original state.

The following issues were submitted to the jury, and answered thereby as shown, to wit:

"1. What sum, if any, is the petitioner entitled to recover of the respondent by reason of the widening of the highway at the place in question? Answer: '$900.00.'

"2. What benefits, general or special, if any, accrued to the petitioner by reason of the widening of said highway? Answer: 'None.'

"3. Did the respondent agree to remove petitioner's residence in as good condition as it was in its original state? Answer: 'Yes.'

"4. Did respondent commit a breach of said contract, as alleged in the petition? Answer: 'Yes.'

"5. What damage, if any, is petitioner entitled to recover by reason of said breach? Answer: '$1,100.00.' "

From judgment for $2,000.00 predicated on the verdict, in favor of the petitioner the respondent appealed, assigning errors.

*R. L. Whitmire and J. S. Dockery for petitioner, appellee.*
*Charles Ross and Ernest A. Gardner for respondent, appellant.*

SCHENCK, J. The respondent objected and reserved exception to the submission of issues 3, 4, and 5, which relate to the petitioner's allegation and contention that he is entitled to recover damages for breach of contract to place petitioner's house on a good foundation in as good condition as it was in its original state, in addition to damages for the taking of his land for the widening of the highway. We are constrained to hold that this exception is well taken. The State Highway and Public Works Commission is an unincorporated governmental agency of the State and not subject to suit except in the manner expressly authorized by statute. *McKinney v. Highway Com.,* 192 N. C., 670, 135 S. E., 772; *Yancey v. Highway Com.,* 222 N. C., 106, 22 S. E. (2d), 256. The purpose of the special proceeding provided by C. S., 3846 (bb) and 1716, is to furnish a procedure to condemn land for a public purpose and to fix compensation for the taking thereof, and does not in any way authorize an action for breach of contract. A State cannot be sued in its own courts or elsewhere unless it has expressly consented to such suit, by statutes or in cases authorized by provisions in the organic law, instanced by Art. III, Const. U. S.; Art. IV, sec. 9, Const. of North Carolina; *Carpenter v. R. R.,* 184 N. C., 400, 114 S. E., 693; and for the further reason, it would seem, that in a special proceeding for condemnation, being entirely statutory, a cause of action for breach of contract cannot be joined, and in such proceeding the measure of recovery is limited to the difference between the fair market value of the land before and after the taking thereof, with due allowance for general and special benefits accruing from the improvement of the highway. *Allen v. R. R.,* 102 N. C., 381, 9 S. E., 4; *Abernathy v. R. R.,* 150 N. C., 97, 63 S. E., 180.

For the error in submitting the issues to which exception was reserved the respondent is entitled to a new trial and it is so ordered.

New trial.