LYERLY *v.* HIGHWAY COMMISSION.

R. J. LYERLY, JR. AND JOE J. WALKUP, TRADING AS SHERRILL'S SUPER
MARKET, PETITIONERS v. NORTH CARROLINA STATE HIGHWAY
COMMISSION, RESPONDENT.

(Filed 18 June, 1965.)

**Eminent Domain § 2—**

Allegations to the effect that the Highway Commission maintained a culvert under a highway in such manner as to cause the waters of a creek, after a heavy rain, to wash away the foundation of the building leased by petitioners, causing the destruction of the wall of the building, resulting in damage to petitioners' stock of goods, extra expense, and loss of profits, *held* insufficient to state a cause of action for a "taking", since no allowance may be had for damage to personal property as distinguished from fixtures.

APPEAL by petitioners from *McConnell, J.,* November-December 1964 Session of IREDELL.

This appeal is from a judgment which sustained the State Highway Commission's demurrer to the petition and dismissed "this proceeding."

*Carswell & Justice and Hugh G. Mitchell for petitioner appellants.*
*Attorney General Bruton, Assistant Attorney General Lewis, Trial Attorney Rosser and R. A. Hedrick, Associate Counsel, for respondent appellee.*

PER CURIAM. As stated in petitioners' brief, their allegations herein "are substantially identical with those" in the companion case of *Sherrill v. Highway Commission, ante,* 643, 142 S.E. 2d 653. Petitioners alleged they, as lessees, operated a grocery store in the Sherrill building on South Center Street, Statesville, N. C., and that, on account of the destruction of the south wall of said building on October 14, 1959, (1) their stock of goods was damaged, (2) they incurred extra expense, and (3) they lost profits, to their damage in the aggregate amount of $2,800.00.

In *Midgett v. Highway Commission,* 260 N.C. 241, 132 S.E. 2d 599, it was held the complaint stated "a legally cognizable cause of action for damages by reason of the appropriation of land for public use." The plaintiff alleged valuable personal property was in the buildings on his lands. With reference thereto, the Court, in opinion by Moore, J., said: "The allegations of damage to personal property, however, are not sustained. Under the circumstances of this case and the permanent nuisance theory upon which it is maintained an action for the 'taking' of movable personal property may not be upheld. There is no permanent nuisance with respect to such property and the damage thereto is regarded as incidental and not direct. Furthermore, the Highway Com-

mission has no authority to appropriate personal property for public use. G.S. 136-19. 'No allowance can be made for personal property, as distinguished from fixtures, located on the condemned premises. . . .' 29 C.J.S., Eminent Domain, § 175a(1), p. 1045. Under the facts alleged, any injury to personal property is *damnum absque injuria.* See *Williams v. Highway Commission*, 252 N.C. 141, 113 S.E. 2d 263; *Pemberton v. Greensboro*, 208 N.C. 466, 181 S.E. 258."

Applying the law as stated in *Midgett*, it is held that the petition herein fails to state facts sufficient to constitute a cause of action. Hence, the judgment of the court below is affirmed.

Affirmed.