ATLANTIC COAST LINE RAILROAD COMPANY, AND LOUISVILLE AND NASHVILLE RAILROAD COMPANY, PARTNERS TRADING AND DOING BUSINESS AS CLINCHFIELD RAILROAD COMPANY, v. STATE HIGHWAY COMMISSION OF NORTH CAROLINA.

(Filed 21 September, 1966.)

**1. Highways § 2—**

G.S. 60-43, prior to its repeal and re-enactment, empowered the Highway Commission, upon the widening of a highway, to require a railroad company to widen its highway crossings so as to conform to the increased width of the highway.

R. R. v. HIGHWAY COMMISSION.

**2. Unjust Enrichment § 1; Actions § 4—**

The equitable principle of unjust enrichment does not apply when the services are rendered gratuitously or in discharge of some legal obligation, and costs incurred by a railroad company in widening its crossings pursuant to lawful order issued by the Highway Commission are *damnum absque injuria* and may not be recovered under the doctrine of unjust enrichment, since the sums are spent in discharge of a legal obligation.

**3. Highways § 9—**

The State Highway Commission is not subject to suit on the theory of unjust enrichment to recover costs incurred by a railroad company in widening its grade crossings pursuant to lawful order of the Highway Commission, there being no contention of any "taking" by the Commission, since there is no statutory provision authorizing suit in such instance, and the right to bring a common law action against the Highway Commission where there is no statutory remedy is applicable solely where there has been a "taking" of property by the Commission.

**4. Appeal and Error § 47—**

The striking of a portion of the complaint cannot be prejudicial when the matter alleged therein is stipulated by the parties.

PLESS, J., not sitting.

APPEAL by plaintiff from *Farthing, J.,* February-March 1966 Session of McDOWELL.

Civil action instituted by plaintiff to recover costs incurred in widening crossings at "Old Linville Road" and "State Line Road" in McDowell County. The evidence offered by plaintiff, if true, tended to show that both of these roads were in existence prior to the construction of the crossings involved. In the performance of its duties defendant widened, graded and paved "Old Linville Road" in November 1958 and "State Line Road" in 1959. As a result of defendant's work on these roads, the roads were considerably widened. Defendant requested plaintiff to widen the crossings on Old Linville Road in August 1959, and on State Line Road on February 9, 1961. Plaintiff refused because defendant refused to pay the costs incurred.

On April 26, 1962, hearing was held after due notice to plaintiff, and after hearing defendant ordered plaintiff to widen the two crossings. The order was forwarded and received by plaintiff together with a letter referring to G.S. 60-43 and G.S. 136-20, subsection (e). Upon receipt of the order, plaintiff substantially complied, and appealed from the order to the Superior Court of McDowell County. From the judgment rendered by that court plaintiff appealed to this Court. *Highway Commission v. Railroad,* 260 N.C. 274, 132 S.E. 2d 595. There the Court held that G.S. 136-20 does not apply to the instant facts, as it relates only to the construction of under-

passes, overpasses, or the installation and maintenance of gates, alarm signals or other safety devices at railroad crossings.

Plaintiff did not attack G.S. 60-43, nor did the Court refer to or make any ruling relative to G.S. 60-43.

Subsequent to the opinion in *Highway Commission v. Railroad, supra,* plaintiff commenced this action. Prior to trial, defendant filed motion to strike certain portions of the complaint, which motion was allowed, and plaintiff excepted. Upon trial, at the conclusion of plaintiff's evidence, defendant demurred to the evidence and moved for judgment as of nonsuit which motion was allowed. Plaintiff appeals.

*A. K. McIntyre and E. P. Dameron for plaintiff appellant.*

*Attorney General Bruton, Deputy Attorney General Lewis, and Staff Attorney Costen for the defendant appellee.*

BRANCH, J.  In order to decide this appeal, it is necessary to consider and construe G.S. 60-43. Although this statute has been repealed and substantially re-enacted as G.S. 62-224, it was in effect when the work was done. G.S. 60-43 until repealed and substantially re-enacted, subsequent to this litigation, read as follows:

> "Whenever, in their construction, the works of any railroad corporation shall cross established roads or ways, the corporation shall so construct its works as not to impede the passage or transportation of persons or property along the same. If any railroad corporation shall so construct its crossings with public streets, thoroughfares or highways, or keep, allow or permit the same at any time to remain in such condition as to impede, obstruct or endanger the passage or transportation of persons or property along, over or across the same, the governing body of the county, city or town, or other public road authority having charge, control or oversight of such roads, streets or thoroughfares may give to such railroad notice, in writing, directing it to place any such crossing in good condition, so that persons may cross and property be safely transported across the same. If the railroad corporation shall fail to put such crossing in a safe condition for the passage of persons and property within thirty days from and after the service of the notice, it shall be guilty of a misdemeanor and shall be punished in the discretion of the court. Each calendar month which shall elapse after the giving of the notice and before the placing of such crossing in repair shall be a separate offense. This section shall in nowise be construed to abrogate, repeal or otherwise affect

any existing law now applicable to railroad corporations with respect to highway and street crossings; but the duty imposed and the remedy given by this section shall be in addition to other duties and remedies now prescribed by law."

In *Atlantic Coast Line Railroad v. Goldsboro,* 155 N.C. 356, 71 S.E. 514, an ordinance of the City of Goldsboro similar to this statute, required the railroad to do construction work at its own expense to make its tracks conform to improvements made by the City, and in that case the Court held that "the ordinance requiring the plaintiff to lower its track from 6 to 18 inches at the points where the cross streets pass over the railroad track is a legal exercise of the public authority vested in the defendant."

"The plaintiff took its charter expecting that towns and cities would grow up along the line of its road, and knowing that with the development of the country new roads and, in the cities and towns, that new streets would be laid out across its right of way. And it took its charter knowing, too, that the State would have the right to lay out such roads and new streets, and to require the railroad to make such alterations as would prevent the passage over its track by the public being impeded."

In the same case the Court quoted with approval from the case of *English v. New Haven,* 32 Conn. 241, as follows: ". . . (T)he city had the right to require the railroad company to widen the crossing of a street over its track or to make such other changes as the *public convenience and necessity* might require in order that there should be no hindrance to the public in crossing the railroad track." (Italics ours.)

Our Court in the case of *Raper, Admr. v. Wilmington & Weldon Railroad Company,* 126 N.C. 563, 36 S.E. 115, held: "Where they (railroad) interfere with the highway in any manner, they must, as far as they can, make it as safe and convenient to the public as it would have been had the railroad not been built."

In the instant case, the roads were widened by the defendant in the exercise of its duty, and the crossings created a sudden "bottleneck." The Legislature clearly intended the statute to apply to the facts that exist here and provide a remedy such as public safety, convenience and necessity might require.

The plaintiff railroad brings this action alleging that the order of the Highway Commission was illegal and exceeded the bounds of authority, and that the defendant was unjustly enriched to the extent of costs incurred as a result of defendant's order. The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to

pay a fair compensation therefor. *Beacon Homes, Inc. v. Holt,* 266 N.C. 467, 146 S.E. 2d 434; *Dean v. Mattox,* 250 N.C. 246, 108 S.E. 2d 541.

The action is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. However, the rule does not apply when the services are rendered gratuitously or *in discharge of some obligation. Twiford v. Waterfield,* 240 N.C. 582, 83 S.E. 2d 548; *Allen v. Seay,* 248 N.C. 321, 103 S.E. 2d 332; *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582.

"In order that the law will give redress for an act causing damage, that act must be not only hurtful, but wrongful. There must be *damnum et injuria.* It is a well-established maxim of the law that damage without wrong, or *'damnum absque injuria,'* does not constitute a cause of action." 1 Am. Jur. 2d, Actions, p. 598; *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176; *Evans v. Morrow,* 234 N.C. 600, 68 S.E. 2d 258; *Lodge v. Benevolent Asso.,* 231 N.C. 522, 58 S.E. 2d 109; 1 Strong N. C. Index, p. 20. "An injury sustained in obeying a regulation within the scope of the police power, or damages incurred in complying with the provisions of a statute under coercion of a degree of the highest judicial tribunal enjoining the violation thereof, must be considered *'damnum absque injuria.'* Injury resulting from a proper exercise of a lawful power of the sovereignty is remediless, except so far as the sovereign power gives a remedy." 1 Am. Jur. 2d, Actions, p. 600. See also *Lyerly v. State Highway Commission,* 264 N.C. 649, 142 S.E. 2d 658.

The plaintiff relies upon the case of *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290, which held, in part, that in an unusual case where no clear or adequate remedy was provided by statute or by the Constitution of North Carolina, the common law which provides a remedy for every wrong will furnish the appropriate action for the adequate redress of such grievance. However, the present case can be distinguished from the *Sale* case. The *Sale* case was an action to recover an agreed consideration *for the taking of a portion of the plaintiff's real property and damage to the remainder of such property.* In the instant case, the plaintiff brought his suit on the theory of unjust enrichment, and the plaintiff further stipulated that *this action is not based upon the taking of any of plaintiff's right of way or to recover compensation for any such taking.* "A stipulation of the parties is a judicial admission and is binding on them." *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460.

The law regarding immunity of the State to suit and the exceptions thereto have been concisely and clearly set out by Bobbitt, J. in *Teer Company v. Highway Commission,* 265 N.C. 1, 143 S.E.

2d 247, where he states: "Absent waiver, the State is immune from suit. *Smith v. Hefner*, 235 N.C. 1, 68 S.E. 2d 783; *Ferrell v. Highway Commission*, 252 N.C. 830, 833, 115 S.E. 2d 34.

"The Highway Commission is an unincorporated agency of the State. Except as provided in the Tort Claims Act, G.S. 143-291 *et seq.*, the Highway Commission is not subject to suit in tort. *Schloss v. Highway Comm.*, 230 N.C. 489, 492, 53 S.E. 2d 517; *Floyd v. Highway Commission*, 241 N.C. 461, 85 S.E. 2d 703. Nor is the Highway Commission, unless otherwise provided by statute, subject to suit on contract or for breach thereof. *Dalton v. Highway Comm.*, 223 N.C. 406, 27 S.E. 2d 1. Moreover, under our decisions, acts permitting suit, being 'in derogation of the sovereign right of immunity,' are to be 'strictly construed.' *Floyd v. Highway Comm., supra.*

"The basic rule is that the Highway Commission is not subject to suit except in the manner expressly provided by statute. *Sherrill v. Highway Commission*, 264 N.C. 643, 142 S.E. 2d 653, and cases cited. An exception to this basic rule is well established, to wit: Where private property is *taken* for a public purpose by a governmental agency having the power of eminent domain under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional rights, may maintain *an action* to obtain just compensation therefor. *Sherrill v. Highway Commission, supra.*"

It therefore appears from the statutes and the record that the plaintiff does not come under the exceptions allowing it to sue the Highway Commission.

The plaintiff assigns as error the striking of portions of the complaint which in effect show the work was not performed voluntarily. It was stipulated that the work was done pursuant to defendant's order. Therefore plaintiff could not be prejudiced by the allowance of this motion to strike. Our Court stated in the case of *Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E. 2d 551, that "matter in a pleading is irrelevant within the purview of the statute (G.S. 1-153) if it has no substantial relation to the controversy between the parties in the particular action." See also *Howell v. Ferguson*, 87 N.C. 113.

Affirmed.

PLESS, J., not sitting.