In re Huyck Corp. v. Mangum, Inc.

---

IN THE MATTER OF HUYCK CORPORATION v. C. C. MANGUM, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND THE STATE OF NORTH CAROLINA, THIRD PARTY DEFENDANTS

No. 8110SC1167

(Filed 3 August 1982)

1. **Appeal and Error § 6.6— action against State—denial of motion to dismiss— immediate appeal**

An immediate appeal lies under G.S. 1-277(b) from the trial court's refusal to dismiss a suit against the State on the ground of governmental immunity.

**2. State § 4— third party contract action against State**

A third party contract action could properly be maintained against the State and the Department of Transportation where the cause of action accrued after the decision of *Smith v. State,* 289 N.C. 303 (1976). G.S. 1A-1, Rule 14(c) and G.S. 143-291 *et seq.*

**3. State § 4— third party complaint against Department of Transportation**

G.S. 136-29 does not prohibit a contractor from filing a third party complaint against the Department of Transportation, arising out of the same transaction or occurrence, ancillary to an action in the General Court of Justice brought by a party not privy to the contract.

Judge VAUGHN dissenting.

APPEAL by third party defendants North Carolina Department of Transportation and State of North Carolina from *Brannon, Judge.* Order entered 21 August 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 10 June 1982.

This appeal arises from the denial of the motions to dismiss of third party defendants, State of North Carolina and Department of Transportation [hereinafter referred to as DOT], made in response to the third party complaint against them filed by defendant and third party plaintiff, C. C. Mangum, Inc. [hereinafter referred to as Mangum]. The facts necessary to dispose of the State of North Carolina and DOT's assignments of error will be stated in the body of this opinion.

*Spears, Barnes, Baker & Hoof, by Alexander H. Barnes, for defendant and third party plaintiff-appellee C. C. Mangum, Inc.*

*Attorney General Edmisten, by, Associate Attorney Evelyn M. Coman, for third party defendant-appellants North Carolina Department of Transportation and State of North Carolina.*

HILL, Judge.

While under contract with DOT for road work on highway U.S. No. 1 North, employees of Mangum operating its machines in the course of their employment ruptured gas lines servicing Huyck Corporation [hereinafter referred to as Huyck] on or about 24 August 1978 and on or about 8 June 1979. As a result of the severed lines, Huyck was compelled to close down its operations. Huyck subsequently brought suit against Mangum alleging negligence. Mangum thereupon filed a third party complaint

against the Public Service Company of North Carolina, Inc. [hereinafter referred to as gas company] alleging that it negligently failed to relocate or lower its gas lines so they would not be in conflict with Mangum's work on the highway. Mangum also filed a third party complaint against the State and DOT, alleging that it breached its contract and warranty with Mangum by failing to cause the gas lines to be relocated or lowered. In its third party complaints, Mangum also seeks to recover sums withheld by the State under a liquidated damages clause in its contract with the State for delay in the completion of the project. Mangum also seeks indemnification for any sums that it might be adjudged liable to Huyck. DOT answered the third party complaint against it and alleged, *inter alia*, a lack of jurisdiction over the subject matter of the third party complaint and that the complaint is barred by the doctrine of sovereign immunity. The judge below denied the motions to dismiss.

[1]  On oral argument, Mangum argued that the judge's order denying the motions to dismiss on the grounds stated above is interlocutory and not appealable. G.S. 1-277(b) states that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." Although the State cannot be sued in its own courts or elsewhere unless it has expressly consented to such suits, *Dalton v. Highway Commission*, 223 N.C. 406, 27 S.E. 2d 1 (1943), "[w]e have previously held that an immediate appeal lies under G.S. 1-277(b) from the trial court's refusal to dismiss a suit against the State on grounds of governmental immunity." *Stahl-Rider, Inc. v. State*, 48 N.C. App. 380, 383, 269 S.E. 2d 217, 219 (1980). *Accord Sides v. Cabarrus Memorial Hospital, Inc.*, 22 N.C. App. 117, 205 S.E. 2d 284 (1974), *mod. on other grounds*, 287 N.C. 14, 213 S.E. 2d 297 (1975). Therefore, we find that the present appeal may be maintained.

The question for our disposition is whether the judge below erred in denying the State and DOT's motions to dismiss for lack of subject matter jurisdiction. For the following reasons, we affirm the order denying the motions to dismiss.

At the outset of this opinion, we note that Mangum's third party complaint alleges two types of claims against the State and

*In re Huyck Corp. v. Mangum, Inc.*

DOT: (1) a claim for moneys withheld from the contract by DOT under the liquidated damages clause as a result of the delays caused by the gas line ruptures, and (2) a claim for indemnification in the event that it is adjudged liable to Huyck. Both of these claims are grounded upon an alleged breach by DOT of its contractual obligation to Mangum.

**[2]** The State and DOT first contend that Rule 14(c) of the North Carolina Rules of Civil Procedure does not allow third party *contract* actions to be maintained against the State. The rule states as follows:

> Notwithstanding the provisions of the *Tort Claims Act,* the State of North Carolina may be made a third party under subsection (a) or a third-party defendant under subsection (b) in any tort action. In such cases, the same rules governing liability and the limits of liability of the State and its agencies shall apply as is provided for in the *Tort Claims Act.*

G.S. 1A-1, Rule 14(c) (emphasis added). Thus, the State and DOT argue that the Tort Claims Act, G.S. 143-291, *et seq.,* is the only substantive law waiving the State's sovereign immunity. For this reason, they contend that the present action cannot be maintained under Rule 14(c).

As noted above, this action is grounded in contract. Although there is nothing in Rule 14(c) to allow a third party contract action against the State, as the State and DOT contend, the case of *Smith v. State,* 289 N.C. 303, 222 S.E. 2d 412 (1976), clearly establishes that the State and its agencies may be sued in contract. Chief Justice Sharp, speaking for the Court, stated as follows:

> We hold, therefore, that whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract. Thus, . . . in causes of action on contract arising after the filing date of this opinion, 2 March 1976, the doctrine of sovereign immunity will not be a defense to the State. The State will occupy the same position as any other litigant.

*Id.* at 320, 222 S.E. 2d at 423-24.

In *MacDonald v. The University of North Carolina at Chapel Hill,* 299 N.C. 457, 463, 263 S.E. 2d 578, 582 (1980), the Supreme Court "reaffirm[ed] the conclusion of *Smith* in favor of a wholly prospective application of the abrogation of the doctrine of sovereign immunity." The effect of *Smith* upon the doctrine of sovereign immunity likewise has been recognized by this Court. *See, e.g. Wojsko v. State,* 47 N.C. App. 605, 267 S.E. 2d 708 (1980); *Vaughn v. County of Durham,* 34 N.C. App. 416, 240 S.E. 2d 456 (1977), *disc. rev. denied,* 294 N.C. 188, 241 S.E. 2d 522 (1978); *In re Metric Constructors, Inc. v. Lentz,* 31 N.C. App. 88, 228 S.E. 2d 533 (1976).

Therefore, we find that *Smith* is applicable to the present third party complaint by Mangum against the State and DOT since the action accrued after 2 March 1976. It is clear that the court below had jurisdiction of the subject matter before it.

Nevertheless, the State and DOT argue that when Mangum contracted with DOT, it contracted that G.S. 136-29 would be the *exclusive* remedy in any action upon the contract. They contend that the statute does not provide for the sort of third party complaint filed in this case.

G.S. 136-29 states as follows:

(a) Upon the completion of any contract for the construction of any State highway awarded by the Department of Transportation to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may, within 60 days from the time of receiving his final estimate, submit to the State Highway Administrator a written and verified claim for such amount as he deems himself entitled to under the said contract setting forth the facts upon which said claim is based. In addition, the claimant, either in person or through counsel, may appear before the State Highway Administrator and present any additional facts and argument in support of his claim. Within 90 days from the receipt of the said written claim or within such additional time as may be agreed to between the State Highway Administrator and the contractor, the State Highway Administrator shall make an investigation of said claim and may allow all or any part or may deny said claim and shall have the authority to reach a compromise agree-

ment with the contractor and shall notify the contractor in writing of his decision.

(b) As to such portion of the claim as is denied by the State Highway Administrator, the contractor may, within six (6) months from receipt of said decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. The procedure shall be the same as in all civil actions except as herein and as hereinafter set out.

(c) All issues of law and fact and every other issue shall be tried by the judge, without a jury; provided that the matter may be referred in the instances and in the manner provided for in Article 20 of Chapter 1 of the General Statutes.

(d) The submission of the claim to the State Highway Administrator within the time and as set out in subsection (a) of this section and the filing of an action in the superior court within the time as set out in subsection (b) of this section shall be a condition precedent to bringing such an action under this section and shall not be a statute of limitations.

(e) The provisions of this section shall be deemed to enter into and form a part of every contract entered into between the Department of Transportation and any contractor, and no provision in said contracts shall be valid that is in conflict herewith.

[3] The State and DOT are correct when they argue that Mangum's recovery, if any, must be based upon the terms and provisions of the contract. *Nello L. Teer Co. v. Highway Commission,* 265 N.C. 1, 143 S.E. 2d 247 (1965). G.S. 136-29(e) provides that the statute is deemed to be a part of "every contract" between DOT and "any contractor." G.S. 136-29 is therefore *a* remedy in an action upon the contract. However, we conclude that G.S. 136-29 does not prohibit a contractor from filing a third party complaint against DOT, arising out of the same transaction or occurrence, ancillary to an action in the General Court of Justice brought by a party not privy to the contract. To compel a contractor to proceed first upon the settlement procedure of G.S.

136-29 before joining the State and DOT in an action already filed in the General Court of Justice could result in a forfeiture of that remedy under these circumstances.

For these reasons the judge's order denying the State and DOT's motions to dismiss is affirmed. We emphasize that nothing said in this opinion is to be construed as a commentary upon the merits of the parties' claims.

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I vote to grant discretionary review of this interlocutory order denying appellants' motion to dismiss and to reverse the same. Such claims as Mangum may have against appellants arise out of the written contract—whether for breach of the contract by failing to remove the gas lines or for the liquidated delay damage withheld by appellants. In that contract, Mangum agreed that the timely filing of a claim with the State Highway Administrator "shall be a condition precedent to bringing" an action for any claim "under the said contract." G.S. 136-29. Since Mangum did not comply with the condition precedent, the Superior Court had no subject matter jurisdiction.

I do not, as the majority states, understand the State to argue that the Tort Claims Act "is the only substantive law waiving the State's sovereign immunity." Obviously it is not. The question of sovereign immunity does not arise in the case and *State v. Smith*, quoted by the majority, does not appear to be relevant. Indeed, the Court in *Smith* expressly referred to the statute in question as follows:

> "The legislature has already consented to be sued in many important contractual situations for example . . . G.S. 136-29(b) allows a road construction contractor to sue *if his contract claim is denied by the State Highway Administrator. . . .*" (Emphasis added.)

*Smith v. State*, 289 N.C. 303, 321.

Mangum could not have filed its suit directly against appellants because it did not comply with the contract and the statute. Even if the State could be made a third party defendant in a *contract* action, and it cannot in the absence of legislative authorization, the failure to meet the condition precedent would still bar the suit.