J. A. VINSON v. ANNIE L. O'BERRY ET AL.

(Filed 22 January, 1936.)

1. **State E a—Upon allegations of complaint, suit held to be against the State, and was properly dismissed.**

   In this suit against the North Carolina Emergency Relief Administration and certain officers thereof, the complaint alleged that the "Administration" is a State agency, and sought to recover damages sustained by reason of the agency's interference with plaintiff's contract rights with a city, and to enjoin further interference by the agency. *Held:* A demurrer for want of jurisdiction was properly allowed as to the "Administration" upon the allegation in the complaint that it was an agency of the State, the plaintiff seeking to control and enforce liability against it as such agency, constituting the suit in effect a suit against the State.

2. **Same—Officers of State agency must show authority in order to defend action on the ground of sovereign immunity.**

   Where, in a suit against an agency of the State and certain officers of such agency, the individual defendants defend the action on the ground of sovereign immunity, a demurrer as to the individuals is improperly allowed, since they must show authority.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Small, J.,* at April Term, 1935, of WAYNE.

Civil action for injunction and to recover damages for breach of contract and tortious interference with plaintiff's contract rights.

The complaint alleges:

1. That on 6 July, 1934, the defendant North Carolina Emergency Relief Administration entered into an agreement with the city of Goldsboro and the county of Wayne whereby a stockyard was to be constructed on the old Wayne County fairgrounds and used by the defendant in its relief work in caring for certain live stock, with the understanding that all the manure which should accumulate thereon while so used by the defendant would belong to the city and county, this in lieu of rent or other charge for the property.

2. That on 21 November, 1934, plaintiff purchased from the city of Goldsboro and Wayne County "all the manure now in the FERA stockyards in Wayne County, or which may be there from time to time up to and including 6 July, 1936."

3. That· the defendants, constituting the North Carolina Emergency Relief Administration in this State, acquiesced in said purchase and agreed to furnish plaintiff two truck drivers in gathering bedding for the stock pen and removing the manure, etc.

4. That the defendants, acting for and on behalf of the North Carolina Emergency Relief Administration, and in violation to plaintiff's ·rights, have wrongfully converted a portion of said property to the use of the Administration and threaten to continue so to convert the remainder.

Wherefore, plaintiff prays for injunctive relief and for damages.

The defendants entered a special appearance and demurred or moved to dismiss the action for want of jurisdiction. Motion allowed, and plaintiff appeals.

*Kenneth C. Royall and J. Faison Thomson for plaintiff.*

*J. S. Massenburg, W. A. Dees, and Langston, Allen & Taylor for defendants.*

STACY, C. J. It is alleged in the complaint that the defendant North Carolina Emergency Relief Administration "is a State agency or association, existing under the laws of the State of North Carolina." Our attention has not been called to any act of Assembly authorizing the creation of such "Administration" (it is doubtless a Federal agency operating under the Federal Emergency Relief Act of 1933), but taking the allegation of the complaint at its face value, the "Administration" would seem to be immune from suit in the Superior Court. *Carpenter v. R. R.,* 184 N. C., 400, 114 S. E., 693. The State is not subject to

suit except as it has consented to be sued. *Beers v. Arkansas,* 20 Howard, 527.

It is true a suit against a State officer or a State agency is not necessarily a suit against the State. *Bain v. State,* 86 N. C., 49. But a suit against an agency which represents the State in action and liability, to control such action and liability, is in effect a suit against the State. *North Carolina v. Temple,* 134 U. S., 22; *Louisiana v. Steele,* 134 U. S., 230; *Smith v. Reeves,* 178 U. S., 436.

Here, it would seem, the suit is against the State, taking the allegations of the complaint to be true that the "Administration" is a State agency engaged in relief work, or in the discharge of a governmental undertaking. *Carpenter v. R. R., supra.* The record consists of the complaint and demurrer, or motion to dismiss.

We conclude that the action was properly dismissed as to the North Carolina Emergency Relief Administration. It does not follow, however, upon the showing presently made, that the plaintiff is without remedy as against the other defendants. *Philadelphia Co. v. Stimson,* 223 U. S., 605; *State v. Wisconsin Telephone Co.,* 172 N. W. (Wis.), 225. One who seeks to defend on the ground of sovereign immunity must show his authority. *Poindexter v. Greenhow,* 114 U. S., 270; *Kneedler v. Lane,* 45 Pa., 238. It is observed the allegation with respect to the individual defendants is not the same in the present complaint as in the complaint filed in the proceeding originally instituted in this Court, *Vinson v. O'Berry, post,* 289.

Error and remanded.

DEVIN, J., took no part in the consideration or decision of this case.