S. A. SCHLOSS, JR., MARY JANE SILVERMAN, AND FLOYD S. WILD, TRADING AS SCHLOSS POSTER ADVERTISING COMPANY; C. C. FOSTER, TRADING AS FOSTER POSTER ADVERTISING COMPANY OF STATESVILLE; N. C. FOSTER, TRADING AS FOSTER POSTER ADVERTISING COMPANY OF HENDERSONVILLE; ATLANTIC OUTDOOR ADVERTISING COMPANY, INC.; B. L. SIZEMORE, TRADING AS SIZEMORE POSTER ADVERTISING COMPANY; W. E. RUTLEDGE, TRADING AS RUTLEDGE POSTER ADVERTISING COMPANY; GENERAL OUTDOOR ADVERTISING COMPANY, INC.; J. C. HOGAN, BYNUM LAXTON, SALLY HOGAN, AND W. G. HOGAN, TRADING AS APPALACHIAN POSTER ADVERTISING COMPANY, v. STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 25 May, 1949.)

1. **State § 3—**

   The State may not be sued in its own courts or elsewhere, in the absence of consent or waiver.

2. **Same—**

   The State Highway and Public Works Commission is an agency of the State and as such is not subject to suit save in a manner expressly provided by statute. G.S. 136-19.

3. **State § 5b—**

   An agency of the State is powerless to exceed the authority conferred upon it, and therefore cannot commit an actionable wrong.

**4. Same: Injunctions § 1b—**

Injunction will not lie against an agency of this State to restrain it from committing a tort.

**5.· Same—**

If officers of the State commit or threaten to commit a tort in the purported performance of their official duties they are individually subject to be sued or enjoined, and if they seek to defend on the ground of sovereign immunity, they must show their authority.

**6. Same: Highways § 8—**

Plaintiffs sued the State Highway and Public Works Commission to enjoin it from enforcing its ordinance restricting the placing of advertising signs along the State highways, alleging that the ordinance is in excess of the authority vested in the commission and is unconstitutional. *Held:* Defendant's demurrer was properly sustained, since injunction will not lie against a State agency to prevent it from committing a wrong.

APPEAL by plaintiffs from *Stevens, J.,* January Term, 1949, WAKE. Affirmed.

Civil action for injunctive relief.

Plaintiffs are each engaged in the business of outdoor advertising, and, in the course of their business, construct and now maintain advertising signs on privately owned, leased lands adjacent to State highways throughout the State of North Carolina.

The defendant Commission has adopted the following ordinance:

"Section No. 41. THAT WHEREAS, in the opinion of the State Highway & Public Works Commission a· multiplicity of signs in close proximity to the State highways tend to obscure and distract the attention of the motorist from the necessary warning and traffic signs;

"Now, THEREFORE, IT IS ORDERED from and after the effective date of this ordinance, (November 1, 1941) no advertising signs shall be erected along any of the State highways of the State closer than 50 feet to the center of the paved section of the said highway; provided, this restriction shall not apply to signs beyond the limits of the State highway right-of-way erected at the place of business advertising such business, or signs erected on any premises advertising such premise for sale or advertising for sale the products produced thereon; and provided further, that where signs have been lawfully erected on any leased property, the owner of such signs shall have twelve months from the effective date of this ordinance to relocate or readjust the said sign in accordance with this ordinance."

It has also adopted an ordinance which prohibits the maintenance of structures carrying advertising signs closer than 300 feet to the intersection of any highway.

Plaintiffs have been advised through the chairman of the defendant Commission that on and after 1 January 1949 no structures bearing advertising signs will be permitted to stand which are closer than 50 feet to the center of the paved section of any highway, and instructions and directions have been issued to agents, servants, and employees of the defendant Commission to demolish and remove, on and after 1 January, 1949, all structures which are being maintained in violation of the terms of said ordinances, which instructions would apply to signs maintained by each of the plaintiffs.

The plaintiffs allege that (1) said ordinances are in excess of the authority vested in the defendant Commission and are invalid and void, (2) said ordinances are unreasonable, discriminatory, and not uniform in their application and in effect confiscate and destroy private rights, (3) said ordinances in effect amount to the taking of property without due process of law, (4) unless defendant is restrained and enjoined from so doing, it will, through its agents, servants and employees, demolish, remove and destroy the structures owned by plaintiffs containing advertising signs and which structures are standing on privately owned lands but within 50 feet of the center line of paved sections of the highways or closer than 300 feet to the intersection of highways, and (5) if said signs are destroyed, the plaintiffs and each of them will suffer irreparable damage.  They pray that defendant be enjoined and restrained from demolishing and removing or in any wise interfering with said advertising structures.

A temporary restraining order was issued upon the return of the rule to show cause why said restraining order should not be made permanent, the defendant appeared and demurred for that (1) the court is without jurisdiction to entertain an action against the defendant Commission, an agency of the State, and (2) the court is without jurisdiction of the alleged cause of action set out in the complaint.  The demurrer was sustained and plaintiffs appealed.

*Brassfield & Maupin for plaintiff appellants.*
*R. Brookes Peters and Kenneth F. Wooten for defendant appellee.*

BARNHILL, J.   That the sovereign may not be sued, either in its own courts or elsewhere, without its consent, is an established principle of jurisprudence in all civilized nations.  *S. v. R. R.,* 145 N.C. 495; *Bennett v. R. R.,* 170 N.C. 389, 87 S.E. 133; *Carpenter v. R. R.,* 184 N.C. 400, 114 S.E. 693; *Dredging Co. v. State,* 191 N.C. 243, 131 S.E. 665; *Rotan v. State,* 195 N.C. 291, 141 S.E. 743; *Vinson v. O'Berry,* 209 N.C. 287, 183 S.E. 423; *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619; 49 A.J. 301, and citations in note; Anno. 42

SCHLOSS v. HIGHWAY COMMISSION.

A.L.R. 1465, 50 A.L.R. 1408. In the absence of consent or waiver, this immunity against suit is absolute and unqualified. *Dalton v. Highway Com.*, 223 N.C. 406, 27 S.E. 2d 1; 40 A.J. 304.

The State Highway & Public Works Commission is an agency of the State and as such is not subject to suit save in the manner expressly provided by statute. G.S. 136-19; *Carpenter v. R. R., supra; Dalton v. Highway Com., supra; McKinney v. Highway Commission,* 192 N.C. 670, 135 S.E. 772; *Latham v. Highway Commission,* 191 N.C. 141, 131 S.E. 385; *Milling Co. v. Highway Commission,* 190 N.C. 692, 130 S.E. 724; *Reed v. Highway Com.,* 209 N.C. 648, 184 S.E. 513; *Yancey v. Highway Commission,* 222 N.C. 106, 22 S.E. 2d 256.

It is an inanimate, artificial creature of statute. Its form, shape, and authority are defined by the Act by which it was created. It is as powerless to exceed its authority as is a robot to act beyond the limitations imposed by its own mechanism. It can commit no actionable wrong. Hence the owner of property cannot maintain an action against it in tort for damages to property. *McKinney v. Highway Commission, supra; Carpenter v. R. R., supra.* It follows, as of course, he cannot maintain an action against it to restrain the commission of a tort. As against the defendant, his remedy is that, and that only, provided by statute—a proceeding in condemnation for the assessment of compensation for property taken for a public use. *Yancey v. Highway Commission, supra.*

It must not be understood that we hold that plaintiffs are without a remedy. When public officers whose duty it is to supervise and direct a State agency attempt to enforce an invalid ordinance or regulation, or invade or threaten to invade the personal or property rights of a citizen in disregard of law, they are not relieved from responsibility by the immunity of the State from suit, even though they act or assume to act under the authority and pursuant to the directions of the State. *Pue v. Hood,* 222 N.C. 310, 22 S.E. 2d 896; *Carpenter v. R. R., supra; Vinson v. O'Berry, supra; S. v. Curtis,* 230 N.C. 169; 49 A.J. 310, 28 A.J. pp. 355, 450, 453; Anno. 43 A.L.R. 408. The courts are open to the injured party, and he may there obtain prompt and adequate relief. *Pue v. Hood, supra.* If the officers seek to defend on the ground of sovereign immunity, they must show their authority. *Vinson v. O'Berry, supra.*

But the members of the State Highway & Public Works Commission are not parties defendant. Summons was served only on the chairman as the process agent of the defendant. Hence, neither the validity of the pleaded ordinance nor the tortious nature of the alleged threatened act is presented for discussion or decision.

On this record the demurrer was well advised. Hence, the order sustaining the same must be

Affirmed.