NELLO L. TEER v. DR. H. W. JORDAN, H. G. SHELTON, W. GUY HAR-
GETT, A. WILBUR CLARK, DR. R. E. EARP, JAMES A. BARNWELL,
GEORGE S. COBLE, M. OTIS POOLE, MARK GOFORTH, JOSEPH
GRAHAM, AND L. DALE THRASH.

(Filed 3 May, 1950.)

**1. State § 3—**

While an individual may not enjoin governmental agencies in the per-
formance of their official duties merely because he disagrees with the
policy or discretion of those in charge, a citizen and taxpayer may main-
tain an action to restrain the unlawful use of public funds to his injury.

**2. Same—**

The immunity of the State to suit by an individual, except when consent
thereto has been expressly given, does not extend to individual officers of
the State, even though they assume to act under the authority of the State.

**3. Taxation § 11—**

While the proceeds of the bond issue authorized by Chap. 1250, Session
Laws of 1949, constitute a separate fund to be used exclusively for the
construction of secondary roads, and not for primary roads or mainte-
nance, there is no requirement that the work must be let to contract and
the State Highway and Public Works Commission has discretionary power
to construct or improve secondary roads by the use of its own materials,
equipment and engineering supervision, and may use a part of the equali-
zation fund set up by the Act for the purchase of equipment to this end.

**4. Highways § 8b—**

The courts will not interfere with the State Highway and Public Works
Commission in the exercise of its sound discretion and informed judgment
in the discharge of the governmental functions entrusted to it unless there
has been some substantial departure from legislative limitations or direc-
tives.

**5. Taxation § 11—**

Where, in the use of part of the equalization fund set up by Chap. 1250,
Session Laws of 1949, for the purchase of construction equipment, pro-
vision is made for the use of a rental system for the purpose of allocating
the funds among the counties as required by the Act, the matter is resolved
into a question of bookkeeping, and the possibility of injury to a resident
of any particular county by the failure of his county to receive its correct
proportion of the funds is too remote to justify the intervention of equity.

**6. Injunctions § 3—**

It is incumbent upon plaintiff to make out a *prima facie* case of irrepa-
rable injury entitling him to equitable relief by injunction.

**7. Injunctions § 8—**

Where the sole objective of the suit is the issuance of a restraining
order, and no material issues of fact arise on the pleadings, the action is
properly dismissed when plaintiff is not entitled to injunctive relief upon
the facts.

TEER v. JORDAN.

APPEAL by plaintiff from *Williams, J.*, October Term, 1949, of WAKE. Affirmed.

This was a suit to restrain the defendants as members of the State Highway and Public Works Commission from using any portion of the proceeds of the bond issue authorized by Chap. 1250, Session Laws 1949, for the purchase of machinery for road building, and more specifically from appropriating for this purpose any part of the equalization fund provided in the Act.

The statute referred to authorized the issuance of the bonds of the State in the sum of $200,000,000 for the construction or improvement of the secondary public roads of the State. The issuance of the bonds was approved on a popular referendum. Pertinent provisions of the statute are as follows:

"The proceeds of said bonds are hereby appropriated to the State Highway and Public Works Commission, which appropriation shall be in addition to all other appropriations heretofore made or which may be made at the present Session of the General Assembly. Said proceeds shall be used by the State Highway and Public Works Commission exclusively for those roads that now or may hereafter make up and constitute the State-maintained county road systems, also referred to herein and being commonly known as secondary roads as distinguished from primary roads, and shall be fairly and equitably divided among the highway divisions of the State by the State Highway and Public Works Commission. . . . the proceeds from said bonds shall be allocated, and expended, for the purposes hereinabove set forth to the several counties of the State in the following proportions: (Here follows the specific amount allocated to each county.)

"Notwithstanding the above provision for the allocation of said fund to various counties of the State, the State Highway and Public Works Commission may retain an amount not exceeding ten per cent (10%) of the total of said fund as an equalization fund to be used by the said Commission for secondary road purposes, such purposes to include any and all streets and extensions thereof in incorporated cities and towns which form important connecting links to the State highway system or the county highway system or farm to market roads, and including roads or streets in that border or fringe section which is neither city nor country."

The plaintiff is a resident and taxpayer of Durham County and operates motor vehicles over and along the roads of the County and State, and is subject to the gallonage tax on motor fuels. He alleges in his complaint that the several defendants acting as chairman and members of the State Highway and Public Works Commission under color of authority conferred by the Act referred to are illegally diverting the

proceeds of the bond issue, which was to be devoted exclusively to the construction or improvement of secondary roads, to the purchase of machinery and equipment in the amount of $5,000,000; and that the defendants propose to use for such purpose the equalization fund authorized in the Act to be set up "to be used by said Commission for secondary road purposes," which plaintiff alleges is contrary to the provisions of the Act and beyond the power and authority of the Commission. He prays that defendants be restrained from so doing.

The defendants deny the right of the plaintiff to maintain this suit, or that suit can be maintained against the defendants acting under authority of law as an agency of the State, and on the merits deny that the purchase of road building equipment in the manner and form proposed and being carried out is unlawful, or constitutes a diversion of the funds from the construction or improvement of secondary roads, and the defendants further allege that under the advice of the Attorney-General the purchase of equipment needed for the purposes of construction or improvement of secondary roads has been arranged by temporary allocation from the equalization fund, so that when and if this equipment is used in a particular county the reasonable cost or rental thereof may be charged against the fund allocated to that county under the Act, such charges to be credited to the advances made from the equalization fund and for the reimbursement thereof. It was also admitted that the Commission had signified its approval of the use at this time "of $5,000,000 of the amount for the purpose of purchasing road building equipment which shall be used on a rental basis for the purpose of stabilization and for other such 'force account work' as the Commission thinks necessary."

On the hearing in the Superior Court before Judge Williams, pursuant to an order to show cause, plaintiff's motion for the issuance of a restraining order as prayed for in his complaint was denied, the court being of opinion, and so finding, that the State Highway and Public Works Commission was authorized by the Act to use the proceeds from the sale of bonds for building or improving the roads referred to as secondary roads, and that under the language of the Act in carrying out its purposes the Commission had authority and power to acquire by purchase road machinery and equipment deemed reasonably necessary to this end. The court further found that the acts and things done and contemplated by the defendants as chairman and members of the State Highway Commission as set out in the answer and affidavits filed were not in violation of Chap. 1250, Session Laws 1949, or other applicable laws, and that the Commission was within the authority granted by law in setting up an equalization fund and using said fund for the purchase of road building machinery and equipment in the manner set forth in the answer.

The court further found that the sole object of the suit was to secure a restraining order, and that no issues of fact were raised by the pleadings, and thereupon dismissed the action.

Plaintiff excepted and appealed.

*Ross & Ross, Brooks, McLendon, Brim & Holderness, W. P. Farthing, Jr., and J. C. B. Ehringhaus, Jr., for plaintiff, appellant.*

*Attorney-General McMullan, John R. Jordan, Jr., Member of Staff; W. T. Joyner and W. T. Joyner, Jr., R. Brookes Peters, General Counsel State Highway and Public Works Commission, and Kenneth F. Wooten, Jr., and E. O. Brogden, Members of Staff, for defendants, appellees.*

DEVIN, J.  The court below in ruling in favor of the defendants on the ultimate issue of law raised by the pleadings inferentially disposed of two questions which apparently were not pressed on the hearing in the Superior Court, namely, the capacity of the plaintiff to maintain this suit for the purposes declared, and to maintain it against these defendants who compose an agency of the State constituted for governmental purposes.  However, we are not disposed to deny the right of an individual who is one of those for whose benefit the law was enacted to be heard on allegations of an illegal diversion of public funds which may in some degree injuriously affect his rights as a citizen, taxpayer, and user of secondary public roads.  It is conceivable that, under the allegations contained in plaintiff's complaint, the expenditure from the equalization or stabilization fund for the purchase of machinery for use in constructing or improving secondary roads in other counties might result in the diminution of the amount allocated under the Act to the county of his residence.  While the activities of governmental agencies engaged in public service imposed by law ought not to be stayed or hindered merely at the suit of an individual who does not agree with the policy or discretion of those charged with responsibility, the right of a citizen and taxpayer to maintain an action in the courts to restrain the unlawful use of public funds to his injury cannot be denied.  *S. v. Scott,* 182 N.C. 865, 109 S.E. 789; *Hinton v. Lacy,* 193 N.C. 496, 137 S.E. 669; *Freeman v. Commissioners,* 217 N.C. 209 (212), 73 S.E. 2d 354; *Shaw v. Liggett & Myers Tobacco Co.,* 226 N.C. 477, 38 S.E. 2d 313.  Nor are the doors of the courts closed to suits against the individual members of a Commission which has been by law constituted an agency or arm of the State.  Immunity of the State to suit by an individual, except when consent thereto has been expressly given, does not extend to the individuals who in disregard of law invade or threaten to invade the personal or property rights of a citizen even though they assume to act under the authority of the State.  *Schloss v. State Highway and Public Works Commission,*

230 N.C. 489, 53 S.E. 2d 517; *Pue v. Hood,* 222 N.C. 310, 22 S.E. 2d 896; *Insurance Co. v. Unemployment Comp. Com.,* 217 N.C. 495, 8 S.E. 2d 619; *Vinson v. O'Berry,* 209 N.C. 287, 183 S.E. 423; *Carpenter v. R. R.,* 184 N.C. 400, 114 S.E. 693; *White Eagle Oil & Refining Co. v. Gunderson,* 205 N.W. 614 (N. Dak.), 43 A.L.R. 397. Counsel for plaintiff in their brief have cited a number of decisions from other jurisdictions in support of this principle.

This brings us to the consideration of the principal question upon which a ruling is sought. Did the action of the defendants in carrying out the resolution adopted by the State Highway and Public Works Commission to use a portion of the funds derived from the issuance of the County Road Bonds for the purpose of purchasing road building machinery and equipment to be used on a rental basis as outlined, constitute such an illegal diversion of specific public funds from the statutory purpose as to warrant the interposition of a court of equity to restrain?

It was not controverted that under the general statutes creating and regulating the activities of the State Highway and Public Works Commission for the ordinary work of paving, improving and maintaining the public roads of the State, the Commission is authorized to purchase machinery, collect materials, employ labor and supervise the work by its own force. It was likewise conceded that under the Act of 1949 the proceeds of the $200,000,000 bond issue constituted a separate fund devoted exclusively to the construction of secondary roads as distinguished from primary roads, and that the funds so devised could not lawfully be used for maintenance.

It was urged by the plaintiff that the purpose of the bond issue was to provide a "State Secondary Road Fund" to defray the cost of construction of secondary roads, and not a fund to be used for the purchase of machinery and equipment, of which presumably the Commission now has an adequate supply; that the use of the words "construction or improvement" in the statute, when considered in connection with the dominant purpose of the Act, manifests the legislative intent that the funds be used exclusively for construction; and that the provision permitting the setting up of an equalization fund out of the proceeds of the bond issue should not be held to authorize the diversion of this fund or its depletion for other purposes than the construction of secondary roads, and that the purpose of the establishment of an equalization fund was to relieve hardship cases as between the several counties and not for an over-all purchase of machinery.

While the law will not justify the use of the proceeds of a State or municipal bond issue for purposes other than those specified in the Act authorizing the issue, as was held in *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E. 2d 263, it does not follow that immaterial or temporary changes

consistent with the general purpose of the legislative act should be interpreted as unlawful diversions of public funds. *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *Worley v. Johnston County,* 231 N.C. 592, 58 S.E. 2d 99.

There is no requirement that the work contemplated by the Act of 1949 must be let to contract. If deemed wise, in the interest of expedition or economy, the Commission lawfully may proceed to the construction or improvement of secondary roads by the use of its own materials, equipment and engineering supervision. The extensive work the General Assembly has authorized and the people have approved has been placed under the control of the State Highway and Public Works Commission for execution. Manifestly many matters of detail must be left to the sound discretion and informed judgment of this Commission, and, unless some substantial departure from the legislative purpose has been shown, a court of equity will not intervene. As said by *Justice Holmes* in *Missouri K. & T. Ry. Co. v. May,* 194 U.S. 267, "Some play must be allowed for the joints of the machine." The good faith of the defendants was conceded.

The court below found that the plan proposed by the defendants for handling the purchase and use of road building machinery in the several counties, as set forth in their answer, was not in violation of Chapter 1250, Session Laws 1949. This apparently resolved the question into a matter of bookkeeping, subject to the supervisory authority conferred by law and applicable to these funds. The possibility of injury to the plaintiff's personal or property rights, which he alleged might be caused by the action of the defendants, seems to have been eliminated or rendered too remote to justify the intervention of equity. We see no compelling reason for the issuance of the restraining order prayed for. It was incumbent upon the plaintiff to make out a *prima facie* case of irreparable injury entitling him to equitable relief by injunction. 30 C.J.S. 362; 28 A.J. 242, 352. This he has failed to do. The court below ruled correctly in declining to issue the restraining order.

Since it appears that the sole remedy sought was the issuance of a restraining order, and that no material issues of fact arise on the pleadings, the judgment of dismissal of plaintiff's case will be upheld. *Cox v. Kinston,* 217 N.C. 391 (398), 8 S.E. 2d 252.

Judgment affirmed.