TOWN OF WILLIAMSTON v. THE ATLANTIC COAST LINE RAILROAD COMPANY, DR. H. W. JORDAN, H. G. SHELTON, W. GUY HARGETT, A. WILBUR CLARK, DR. R. E. EARP, J. A. BARNWELL, GEORGE S. COBLE, M. OTIS POOLE, MARK GOFORTH, JOSEPH GRAHAM, AND L. DALE THRASH.

(Filed 8 October, 1952.)

**1. Municipal Corporations § 39: Railroads § 3—**

A municipality is not entitled to a mandatory injunction to compel a railroad company to widen and improve an underpass in the interest of public safety when such underpass, although within the municipality, constitutes a part of a State highway, since the exclusive control over the underpass in such instance is vested in the State Highway and Public Works Commission. G.S. 136-20 (f).

**2. Public Officers § 7a: Highways § 8b—**

While the State Highway and Public Works Commission may be sued only in the manner expressly provided by statute, such immunity does not extend to the individuals composing the Commission, who may be sued for acts in disregard of law which invade or threaten to invade the personal or property rights of a citizen, even though the commissioners assume to act under authority of the State.

**3. Same: Mandamus § 2b—Mandamus will not lie to compel commissioners to vote for a specific project.**

*Mandamus* or mandatory injunction will not lie at the instance of a municipality to compel the individual members of the State Highway Commission to vote to widen and improve a railroad underpass forming a part of a State highway within the city limits, even though the municipality seeks such action in the interest of public safety, since the courts will not undertake to control the exercise of discretion and judgment on the part of the members of the Commission in performing the functions of a State agency, there being no contention that the individual members were acting in disregard of law or were invading the personal or property rights of citizens, nor that the objective was the performance of a ministerial duty which the individuals were under clear legal duty to perform.

**4. Injunctions § 1b—**

A mandatory injunction to compel members of a State board to perform an official duty is identical in function and purpose with that of a writ of *mandamus*, and is governed by the rules relating to *mandamus*.

**5. Mandamus § 1—**

*Mandamus* lies only to compel the performance of a ministerial act by those under a present legal duty to perform the act.

APPEAL by plaintiff and by the individual defendants from *Frizzelle, J.,* March Term, 1952, of MARTIN.

The plaintiff Town of Williamston instituted this action against the defendant Railroad Company, and the individuals who compose the North Carolina State Highway and Public Works Commission (hereinafter referred to as the State Highway Commission), for the purpose of obtaining a mandatory injunction directing these defendants to repair and remodel a street and State highway underpass under the tracks of the defendant Railroad Company, within the corporate limits of the Town of Williamston.

The substance of the plaintiff's complaint is that State Highway #64 passes through the Town of Williamston and serves as the town's main street; that the tracks of defendant Railroad cross over this highway and street; that the Railroad Company and the State Highway Commission seventeen years ago made certain improvements in this underpass, but this was not done with proper regard for public safety and the underpass was so constructed that the concrete supports interfere with the passage of school buses, and the underpass was not of sufficient width to permit sidewalks for pedestrians through the underpass which carries a large volume of pedestrian as well as vehicular movement; that there is no other convenient way for motor vehicles, pedestrians and school children to move into or out of West Main Street except through this underpass which is inadequate and unsafe in view of the number and variety of those who use it; that the underpass should be widened and remodeled for the safety and convenience of the citizens and visitors to the town; that request to the defendants for improvement of the underpass has been ignored.

Plaintiff prays that an order issue to both defendants to show cause why a mandatory injunction should not be entered requiring them to repair and remodel the underpass to promote the safety and convenience of travelers.

The defendant Railroad Company demurred to the complaint chiefly on the ground that the regulation of highways at railroad intersections has been by statute placed under the exclusive jurisdiction and control of the State Highway Commission, and that in accord with the statute this

underpass was constructed and has since been maintained in the manner prescribed by the State Highway Commission, and that the courts have no authority to direct the Highway Commission how to exercise its judgment or discretion with respect to widening and remodeling a State highway.

The individual defendants also demurred on the ground that the complaint does not state sufficient facts to entitle the Town of Williamston to injunctive relief against them as officers representing the State as Highway Commissioners engaged in public service; that it appears from the complaint that the State is the real party whose action would be controlled by a judgment for the relief sought; that under the statutes creating and empowering the Highway Commission the matter of repairing and remodeling a highway underpass is made to rest upon the judgment and discretion of the Highway Commission as a governmental agency, which the court is without power to control.

The court sustained the demurrer of the defendant Railroad Company, and overruled the demurrer of the individual defendants.

The plaintiff and the individual defendants excepted and appealed.

*Chas. H. Manning for Town of Williamston, plaintiff.*

*M. V. Barnhill, Jr., Peel & Peel, and Rodman & Rodman for Atlantic Coast Line Railroad Company, defendant.*

*R. Brookes Peters for the individual defendants.*

APPEAL OF PLAINTIFF TOWN OF WILLIAMSTON.

DEVIN, C. J.   The plaintiff Town of Williamston assigns error in the ruling below sustaining the demurrer of the defendant Railroad Company, and takes the position that in the exercise of its police power in the interest of public safety it has the right to require the Railroad Company to improve and remodel the underpass where the tracks cross over a street carrying a large volume of traffic.   Plaintiff relies upon *R. R. v. Goldsboro,* 155 N.C. 356, 71 S.E. 514; *Durham v. R. R.,* 185 N.C. 240, 117 S.E. 17; *Powell v. R. R.,* 178 N.C. 243, 100 S.E. 424.

In the recent case of *Austin v. Shaw,* 235 N.C. 722, 71 S.E. 2d 25, referring to those cases, this Court said: "The broad principle stated in those decisions is in accord with the consensus of judicial opinion in other jurisdictions, but in its application to particular cases consideration must be given to the limitation on the exercise of municipal power in this respect that it must not be arbitrary or unreasonable in the light of all the facts."

However, the principle stated in those cases does not apply where it is sought to compel a railroad company to repair, widen or remodel a State

highway at a railroad crossing, since the exclusive control over these crossings, in so far as the railroad is concerned, is vested in the State Highway Commission. Where such crossings affect a State highway the railroad company must yield obedience to the authority of the Highway Commission. G.S. 136-20 (f); *Mosteller v. R. R.,* 220 N.C. 275, 17 S.E. 2d 133; *Rockingham County v. R. R.,* 197 N.C. 116, 147 S.E. 832.

Whether the town has the power to require the railroad company to provide safe means of crossing for pedestrians otherwise than in connection with the widening of a State highway at a railroad crossing is not presented by this appeal. On the pleadings here we think the demurrer of defendant Railroad Company was properly sustained.

### APPEAL OF THE INDIVIDUAL DEFENDANTS.

The complaint to which the appealing individual defendants demurred alleges in substance that these defendants are members of and compose the North Carolina State Highway and Public Works Commission; that the highway underpass at Williamston constructed by or under the authority of the Highway Commission is inadequate and unsafe for the citizens of the town and the public; that the Highway Commission when requested to repair and remodel the underpass failed to act and this suit was instituted to obtain a mandatory injunction to compel the individual members of the Commission to take immediate steps to repair and remodel the highway at the underpass to the end that it be made safe for the traveling public.

From the language of the complaint it is difficult to distinguish between action which the plaintiff demanded of the State Highway Commission, and that now sought to be compelled on the part of each of the individual persons who compose the Commission.

The State Highway Commission is an agency of the State created by the General Assembly to perform functions of the State in the building, maintenance and control of the public roads and highways of the State. Its official acts are public acts, and are determined by the votes of the members composing it. The plaintiff alleges the Commission has failed on plaintiff's request to remodel a State highway underpass, and thereupon sues for a mandatory injunction to compel each individual member of the Commission to take steps to bring about the desired official action of the Commission. This would seem to mean in effect to require the individuals sued to vote for the things plaintiff alleges should be done at the Williamston underpass. But no individual member has the power to do the things asked to be done. Only the State Highway Commission as a Commission can act. The widening of the State highways and remodeling railroad crossings are matters committed by statute to the State High-

way Commission as an agency of the State. The contribution of the individual members to the consummate action of the Commission involves discretion and judgment on the part of each. There is no allegation that these individuals are acting in disregard of law or are invading the personal or property rights of citizens. Nor does it appear that they are under a clear legal duty to perform a ministerial act. *Wilkinson v. Board of Education,* 199 N.C. 669, 155 S.E. 562. Moreover, the facts set out in the complaint do not show such an abuse of discretion as would warrant the interposition of a Court of Equity to restrain or compel. The court cannot compel a member of the Highway Commission to vote for a particular project though it be alleged that it is in the interest of public safety.

Courts will not undertake to control the exercise of discretion and judgment on the part of the members of a commission in performing the functions of a State agency. It was held in *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484, that courts have no power to control the actions of officers of a corporate body in the absence of fraud or palpable abuse of discretion.

The State Highway Commission is an agency of the State, and as such is not subject to suit save in the manner expressly provided by statute. *Schloss v. Highway Commission,* 230 N.C. 489, 53 S.E. 2d 517. This immunity, however, "does not extend to the individuals (composing the Commission) who in disregard of law invade or threaten to invade the personal or property rights of a citizen even though they assume to act under authority of the State." *Teer v. Jordan,* 232 N.C. 48, 59 S.E. 2d 359.

In the *Teer case, supra,* it may be noted, the suit was by a taxpayer to enjoin allegedly unlawful use of public funds.

In *Schloss v. Highway Commission, supra,* it was said : "When public officers whose duty it is to supervise and direct a State agency attempt to enforce an invalid ordinance or regulation, or invade or threaten to invade the personal or property rights of a citizen in disregard of law, they are not relieved from responsibility by the immunity of the State from suit, even though they act or assume to act under authority and pursuant to the directions of the State."

These decisions seem to delimit the instances in which members of a commission created as a State agency to perform certain functions of the State may be sued individually as distinguished from the Commission itself. There are no allegations in the complaint in the case at bar which bring the suit against the individual defendants in this case within the scope of these authorities.

The ultimate purpose of plaintiff's suit is to obtain a mandatory injunction to require the individual defendants to do the things the town thinks

ought to be done in the interest of public safety, but while the authorities of the town are moved by the desire to obtain action by the defendants in the public interest, we are constrained to hold this laudable purpose cannot be accomplished in this suit against these individual defendants. To do so would violate established rules of law which are necessary in the administration of justice for all.

We do not think the allegations here are sufficient to form the basis for a mandatory injunction.

"A mandatory injunction, when issued to compel a board or public official to perform a duty imposed by law, is identical in its function and purpose with that of a writ of *mandamus.*" *Hospital v. Wilmington,* 235 N.C. 597, 70 S.E. 2d 833. *Mandamus* lies only to enforce a clear legal right. Its function is "to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established." The board or person against whom it is issued must be under a present clear legal duty to perform the act sought to be enforced. *Hospital v. Joint Committee,* 234 N.C. 673, 68 S.E. 2d 862; *Mears v. Board of Education,* 214 N.C. 89, 197 S.E. 752; *Wilkinson v. Board of Education,* 199 N.C. 669, 155 S.E. 562.

For the reasons stated, we think the court below was in error, and that the demurrer of the individual defendants should have been sustained.

On plaintiff's appeal: Affirmed.

On individual defendants' appeal: Reversed.