## Valley Forge Gardens, Inc., v. Morrissey, Inc., et al.

*Croskey & Edwards*, for plaintiff.

*Louis F. Floge, Warren W. Holmes* and *Edward A. Collins, Jr.,* for defendants.

MILNER, J., September 30, 1953.—Plaintiff instituted an action in trespass against original defendant, James D. Morrissey, Inc., seeking to recover damages for injury to its property. In its complaint plaintiff averred that defendant, a contractor engaged in building a portion of the eastern extension of the Pennsylvania Turnpike, caused quantities of dirt, mire, silt and mud to be deposited in five small ornamental ponds on plaintiff's property. The complaint as amended contains two counts, the first alleging that the injury to plaintiff's property was caused by the negligence of defendant in carelessly and improperly constructing

the turnpike, and the second alleging that defendant, in causing the dirt, mire, silt and mud to be deposited in plaintiff's ponds, was guilty of a trespass quare clausum fregit.

Defendant filed an answer denying that it was engaged in building any portion of the eastern extension of the Pennsylvania Turnpike, and averring that it was engaged in building a section of a State highway in the vicinity of plaintiff's property, under contract with the State Highway and Bridge Authority, a public corporation existing under the Act of April 18, 1949, P. L. 604, 36 PS §3601 et seq. The answer denied any negligence or trespass on the part of defendant, and alleged that all of defendant's work was performed in accordance with the contract between it and the State Highway and Bridge Authority and according to the plans and specifications furnished by the latter.

Defendant thereupon joined the State Highway and Bridge Authority as an additional defendant and filed a complaint against it alleging that if plaintiff is entitled to recover, additional defendant is alone liable, or is liable over to defendant, or jointly and severally liable with defendant for any injury or damage sustained by plaintiff.

Additional defendant has filed preliminary objections to the complaint against it, on the ground that it is a public corporation and governmental instrumentality and as such is immune from the asserted tort liability. Additional grounds set forth in support of the preliminary objections are that there is no trespass alleged against additional defendant; that there is no averment that additional defendant trespassed upon the land of plaintiff; and that the loss or damage alleged by plaintiff is damnum absque injuria. It is these preliminary objections that we are now considering.

The primary question before us is whether the State Highway and Bridge Authority is such an instrumentality of the Commonwealth of Pennsylvania as partakes of its sovereign immunity from liability for the torts of its servants. We think that it is, and the preliminary objections must therefore be sustained.

The State Highway and Bridge Authority was created by the Act of April 18, 1949, P. L. 604, 36 PS §§3601 et seq. Its members are the Governor of the State, the State Treasurer, the Auditor General, the Secretary of Internal Affairs, the Secretary of Highways, the speaker of the House of Representatives and the president pro tempore of the Senate, the minority leader of the House of Representatives, and three citizens of Pennsylvania, one to be appointed by the Governor, one by the speaker of the House of Representatives and one by the president pro tempore of the Senate. Under section 3 of the Act (36 PS §3603), the aforesaid members are created and designated as "a body corporate and politic constituting a public corporation and governmental instrumentality by the name of 'The State Highway and Bridge Authority'."

The purposes of the Authority are stated to be the constructing, reconstructing, improving, equipping, furnishing, maintaining and operating State highways, bridges, viaducts, toll bridges, tunnels, traffic circles on State highways, maintenance sheds, offices and garages and roadside rests. It is to have perpetual existence as a corporation and has the power "to sue and be sued, implead and be impleaded, complain and defend in all courts." It also has the power of eminent domain, and is authorized to borrow money and issue bonds of the authority with the proviso that it shall have no power to pledge the credit or taxing power of the Commonwealth, nor shall any of its debts or obligations be deemed to be the obligations of the Com-

monwealth. It is also specifically provided that no project shall be undertaken by the authority unless and until the plans and specifications therefor have been submitted to and approved by the Department of Highways: Sec. 4, 36 PS §3604.

Section 17 of the act (36 PS §3617), provides:

"The effectuation of the authorized purposes of the Authority created under this act shall and will be in all respects for the benefit of the people of the Commonwealth, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, and, since the Authority will be performing essential governmental functions in effectuating such purposes, the Authority shall not be required to pay any taxes upon any property acquired or used by it for such purposes, and the bonds issued by the Authority, . . . shall at all times be free from taxation, other than inheritance and estate taxation, within the Commonwealth of Pennsylvania."

It is clear that in establishing the authority, the legislature created an agency of the Commonwealth performing purely governmental functions, and the authority is therefore entitled to the same immunity from tort liability as is the Commonwealth itself.

Extended discussion in this case is made unnecessary by virtue of the decision of the Court of Common Pleas of Dauphin County in House et al. v. Pennsylvania Turnpike Commission, 45 D. & C. 673 (1942), which we consider controlling. In that case the court, in an excellent opinion by Judge Sheely, sustained demurrers by the Pennsylvania Turnpike Commission to two actions of trespass instituted against it for the recovery of damages on account of the alleged negligence of its employes. The court reviewed the provisions of the Act of May 21, 1937, P. L. 774, 36 PS §652 et seq., establishing the Turnpike Commission,

and concluded that the commission, being an instrumentality of the Commonwealth and engaged in the performance of a governmental function, was immune from liability for the torts of its servants. The provision in the act that the commission "may sue and be sued, plead and be impleaded", was held not to constitute a waiver of immunity from tort liability. Such a provision constitutes merely a consent to be sued in such actions as would be necessary in order to carry out the purpose for which the commission was created, i.e., contract actions. See Lohr v. Upper Potomac River Commission, 180 Md. 584, 26 A. 2d 547 (1942) ; Rice Hope Plantation v. South Carolina Public Service Authority, 216 S. C. 500, 59 S. E. 2d 132 (1950).

The Act of April 18, 1949, P. L. 604, creating the State Highway and Bridge Authority, and the Act of May 21, 1937, P. L. 774, creating the Pennsylvania Turnpike Commission, are so similar in their language and so obviously identical in their purpose as to compel us to adopt in toto the reasoning of the court in House et al. v. Pennsylvania Turnpike Commission, supra. It is significant that section 11 of the Turnpike Commission Act, 36 PS §652k, contains a provision practically identical with section 17 of the State Highway and Bridge Authority Act hereinbefore set forth at length.

The fact that the State Highway and Bridge Authority is specifically designated as a corporate body does not require a distinction between it and the Turnpike Commission.* In fact, the court in the House case, supra, concluded that the Pennsylvania Turnpike Commission is a quasi-public corporation and as such is an instrumentality of the Commonwealth engaged in the performance of a particular governmental function.

---

* The 1937 Act designates the Turnpike Commission as an "instrumentality of the Commonwealth".

The Act of April 18, 1949, P. L. 604, established the State Highway and Bridge Authority as a "public corporation and governmental instrumentality". Similar public corporations have been held by the courts of other jurisdictions to be State agencies entitled to immunity from tort liability: Miller v. Port of New York Authority, 18 N. J. Misc. 601, 15 A. 2d 262 (1939); Lohr v. Upper Potomac River Commission, supra; Rice Hope Plantation v. South Carolina Public Service Authority, supra.

The allegation in plaintiff's complaint that there has been committed upon its property a trespass quare clausum fregit cannot impose liability on the State Highway and Bridge Authority, additional defendant in this case. The cause of action is nonetheless an action ex delicto, in which additional defendant is immune from liability. A State or instrumentality thereof performing a governmental function is immune from liability for injuries resulting from any *tortious conduct* of its agents, servants or officers, in the absence of an express waiver of such immunity by statute: 52 Am. Jur., Torts, §100. We have been unable to find a single case which has ever made a distinction between trespass quare clausum fregit and other actions ex delicto insofar as the liability of a sovereign is concerned.

If the conduct of additional defendant has resulted in a "taking" of plaintiff's property, the appropriate remedy would be a petition for the appointment of a board of view; Act of April 18, 1949, P. L. 604, secs. 12, 14, 36 PS §§3612, 3614; Act of June 1, 1945, P. L. 1242, 36 PS §§670-301 et seq. Where the legislature has provided such a remedy, that remedy is exclusive. See Hirsh v. Patrick McGovern, Inc., 100 Pa. Superior Ct. 1 (1930); Stork v. City of Philadelphia, 195 Pa. 101 (1900); Schloss v. State Highway & Public Works Commission, 230 N. C. 489, 53 S. E. 2d 517 (1949).

For the foregoing reasons we conclude that, as a matter of law, there can be no liability on the State Highway and Bridge Authority, additional defendant in this case, and its preliminary objections must be sustained. In view of the foregoing discussion and our conclusion that additional defendant is entitled to immunity from liability in this action by virtue of its status as an instrumentality of the Commonwealth, it is unnecessary to consider the remaining grounds assigned by additional defendant in support of its preliminary objections.

## Order

And now, September 30, 1953, the preliminary objections of additional defendant are hereby sustained, and judgment is entered in favor of additional defendant.